**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| ANGEL RIOS-ROSA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:23-cv-00085-SNLJ |
| | ) |
| CHARLES REED, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the application of self-represented plaintiff Angel Rios-Rosa, an inmate at Southeast Correctional Center (SECC), for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based on a review of the complaint, the Court will dismiss this action for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. §

1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a certified copy of his prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a compliant filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679.

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within

the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### The Complaint

Plaintiff brings this action on a court-provided civil complaint form for filing claims pursuant to 42 U.S.C. § 1983.[1] He names as a defendant Charles Reed, his case manager at SECC.

Plaintiff's allegations are best understood if quoted in their entirety:

> On the above date it day 5-18-2023 I files a 1983 on Charles Reed because he aares working unders corruptions [and] doing also unders misconducts just bys disrespects federals stipulating mandating laws because on 9-23-2022 I do had has filing a (1983 civil rights) complaint on Charles Reed for sexual harassments (under policy [and] procedures D1-8-13) sexual abuse [and] harrassments doing also I do had has it filing a informal request resolutions on day date it (4-22-2022) so do whys Charles Reed had has it submitted [and] doing also conducting alls types of mistriding sanctions towards my self personality if he aares still on a ative case #1:22-cv-00126-SNLJ doing also heres it is alls copies to proving mines claims aares truthfulls. (Attachments on Board 10  pages onboard as evidence)

ECF No. 1 at 4.

Attached to plaintiff's complaint are eleven pages of MDOC corrective action reports, which plaintiff refers to as "evidence." These corrective action reports concern plaintiff's repeated and continual sexual harassment of staff at SECC. One report dated April 21, 2022 states that plaintiff "submitted . . . programming was full of inappropriate comments and remarks referencing staff." ECF No. 1-1 at 1. Another report filed by defendant and dated July 5, 2022 states that plaintiff wrote threatening letters to the Office of Chief Disciplinary Counsel, one of which stated, "I will rape you slut f###ing dumb ass." ECF No. 1-1 at 3. Another corrective action report filed

---

[1] In less than one year, plaintiff has filed more than ten civil rights actions in this Court and in the United States District Court for the Western District of Missouri. All of plaintiff's cases that have been reviewed under 28 U.S.C. § 1915 have been dismissed for failure to state a claim or failure to prosecute. Several have been transferred to the Western District of Missouri.

3

by defendant on June 6, 2022 states that plaintiff "sent an inappropriate written correspondence to a staff member. It was inappropriate attempt to establish a relationship." ECF No. 1-1 at 7. Another report was filed by defendant on September 6, 2022 and states that plaintiff wrote a sexually inappropriate kite to staff. ECF No. 1-1 at 8. The final attached corrective action report was filed by a functional unit manager on November 17, 2021 and states that another inmate witnessed plaintiff exposing himself outside the shower "deliberately and conspicuously masturbating while looking at Officer Skylar Blake['s] direction." ECF No. 1-1 at 9.

Plaintiff has also attached as "evidence" a cease and desist letter he received from defendant Charles Reed. The letter required plaintiff to "cease and desist all types of communication with the Office of Chief Disciplinary Counsel and any of their family members immediately."

Plaintiff alleges that he is having nightmares. For relief, he seeks $7 million and release from custody.

**Discussion**

Plaintiff's complaint is subject to dismissal. First, to the extent plaintiff is seeking $7 million in compensatory damages, his complaint fails to state an actionable claim under the Prison Litigation Reform Act (PLRA).

The PLRA states: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e); *see also McAdoo v. Martin*, 899 F.3d 521, 525 (8th Cir. 2018) ("We interpret the PLRA to require more than a de minimis physical injury."); *but see Royal v. Kautzky*, 375 F.3d 720, 723

4

(8th Cir. 2004) (holding prisoners may maintain actions for alleged First Amendment violations without claiming a physical injury).

Plaintiff has alleged no physical injury arising out of the claimed violations of his constitutional rights. He has alleged only harassment. The PLRA bars recovery of compensatory damages in this action.

Furthermore, to the extent plaintiff's complaint can be understood, he is alleging misconduct by defendant Charles Reed arising out of the eleven pages of "evidence" attached to the complaint. All of plaintiff's attached "evidence" points to plaintiff being the wrongdoer and sexually harassing SECC staff and the Office of Chief Disciplinary Counsel. Nothing in his evidence states any plausible claims against Charles Reed.

Last, to the extent that plaintiff seeks release from confinement, his relief lies in an action brought pursuant to habeas corpus, 28 U.S.C. § 2254, not under 42 U.S.C. § 1983.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepayment of fees and costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States district Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED** as moot. [ECF No. 3]

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 14th day of July, 2023.

                                        STEPHEN N. LIMBAUGH, JR.
                                        SENIOR UNITED STATES DISTRICT JUDGE